IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HASSAN ROBERTS,

    Petitioner,               No. 2:13-cv-0649 CKD P

    vs.

DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

    Respondent.             ORDER

                              /

        Petitioner, a Nevada prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee and has consented to have a magistrate judge conduct all proceedings in this case. See 28 U.S.C. § 636(c).

        Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief. An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

        On October 5, 2009, following his guilty plea, petitioner was sentenced to seven years imprisonment in the California Department of Corrections and Rehabilitation (CDCR) for

1  drug related convictions entered in Solano County.  Upon sentencing, he was given 625 days of
2  sentence credit.  It was also ordered at sentencing that petitioner would be delivered to the
3  Northern Nevada Correctional Center in Carson City, apparently to finish serving a Nevada
4  sentence before beginning to serve his California sentence.
5         Petitioner takes issue with the fact that on October 19, 2009, shortly after he was
6  sentenced, he was transported from the Solano County Jail to the Deuel Vocational Institution
7  (DVI) in Tracy, where he stayed for some unspecified period until he was transported to Nevada.
8  Petitioner claims that because he was housed at DVI before heading to Nevada, it is a violation
9  of law that his California and Nevada sentences be served consecutively, and that he is entitled to
10 more sentence credit against his California sentence.
11        With respect to whether petitioner's sentences should now be ordered to run
12 concurrently instead of consecutively, petitioner fails to point to any law in support of his
13 position and it is not reasonable to believe that petitioner's brief stay in CDCR, where he
14 eventually will have to spend seven years minus sentence credit anyway, somehow nullified the
15 consecutive nature of his sentences due to a violation of federal law.  With respect to whether
16 petitioner received all of the sentence credit to which he is entitled, petitioner fails to point to any
17 facts in support of his claim other than he did receive 625 days of credit.
18        Good cause appearing, the court will grant petitioner one opportunity to amend his
19 petition to state a claim upon which habeas relief can be granted.  Petitioner is reminded that
20 federal habeas relief is only available for violations of federal law.  If, in his amended petition,
21 petitioner fails to present a claim upon which it is at least possible that habeas relief could be
22 granted, this action will be dismissed.
23        Accordingly, IT IS HEREBY ORDERED that:
24        1. Petitioner's petition for writ of habeas corpus is dismissed;
25        2. The Clerk of the Court is directed to send petitioner the court's form-
26 application for a writ of habeas corpus by persons in state custody;

3. Petitioner is granted 30 days within which to file an amended petition for writ of habeas corpus on the form to be provided by the Clerk of the Court. The form must be filled out completely and accurately.

4. Petitioner's failure to file an amended petition within 30 days will result in dismissal of this action.

Dated: May 1, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] robe0649.dis